UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SERGIO MORALES,

Plaintiff,

v.

WILLIAM DONNELLY et al.,

Defendants.

Case No. 3:16-cv-00371-MMD-WGC

ORDER ON MOTION FOR PRELIMINARY INJUNCTION/TRO

## I. DISCUSSION

### A. Background

On June 23, 2016, Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), initiated this lawsuit by submitting a complaint pursuant to 42 U.S.C. § 1983 and filing an application to proceed *in forma pauperis* and a motion for preliminary injunction/temporary restraining order ("TRO"). (ECF No. 1, 1-1, 1-3.) On July 6, 2016, this Court issued a screening order which: (1) permitted the Eighth Amendment and Nev. Const. art. I, § 6 claims to proceed against Defendant Dr. Donnelly; (2) granted Plaintiff leave to amend all remaining claims; (3) ordered the Attorney General's Office to advise the Court of whether it could accept service of process for Dr. Donnelly and enter a limited notice of appearance; and (4) ordered the Attorney General's Office to file a response to Plaintiff's motion for preliminary injunction/TRO. (ECF No. 3 at 12-13.) On July 12, 2016, Plaintiff filed an amended complaint. (ECF No. 6.) On July 18, 2016, the Attorney General's Office filed a notice informing the Court that it could not enter a limited notice of appearance or respond to

Plaintiff's motion for preliminary injunction/TRO because the only remaining defendant in the action, Defendant William Donnelly, was no longer employed by the NDOC and had not requested representation from the Office. (ECF No. 7 at 1.)

On July 22, 2016, this Court issued a screening order on the amended complaint. (ECF No. 9.) In the screening order, the Court: (1) permitted the deliberate indifference to serious medical needs claim (Count I) to proceed against Defendants Dr. Donnelly, Poag, Bannister, Cox, and Edgerton; (2) dismissed the Equal Protection Clause claim (Count II) with prejudice, and (3) permitted the Nev. Const. art. I, § 6 claim (Count III) to proceed against Defendants Dr. Donnelly, Poag, Bannister, Cox, and Edgerton. (*Id.* at 9-10.) The Court further directed Defendants to respond to the motion for preliminary injunction/TRO. (*Id.* at 10.)

**B. Motion for Preliminary Injunction/TRO**

Plaintiff filed a motion for preliminary injunction/TRO based on his inability to receive his refill prescriptions in a timely manner from medical personnel. (ECF No. 1-3 at 3.) In May 2015, Plaintiff had a heart attack due to missed medication. (*Id.*)

In response, Defendants assert that Plaintiff's issues are based on delays in receiving his prescriptions from the pharmacy. (ECF No. 14 at 4.) Defendants argue that Plaintiff has failed to list any member of the pharmacy staff as a defendant. (*Id.*) According to Defendants, the "[m]edical staff simply input the request for the prescription, the timeliness of filing the prescription and the delivery of said prescription from the pharmacy in Las Vegas to Lovelock is separate and apart from the medical department." (*Id.* at 5.)

Defendants explained the following: Plaintiff is currently on "keep on person" status with regard to his prescriptions. (*Id.*) Plaintiff is given his monthly supply to monitor his own daily intake of medication. (*Id.*) The medical staff does not keep track of Plaintiff's renewal needs. (*Id.*) Plaintiff has the responsibility of remembering to place his order in a timely fashion and to submit his refill requests. (*Id.*) "The only way for the medical staff to monitor and verify that Plaintiff is taking his medication consistently is to

place him on daily pill call." (*Id.*) Defendants assert that "Plaintiff's medical records demonstrate that he is receiving regular medical care and has an active and valid prescription for the medication he seeks." (*Id.* at 6.) Defendants state that they would be willing to place Plaintiff on daily pill call. (*Id.* at 8.)

In support of their response, Defendants attach the declaration of Katherine Hegge, the Director of Nursing Services at Lovelock Correctional Center ("LCC"). (ECF No. 14-1 at 2.) Hegge declared that, "All medications for LCC are ordered from Central Pharmacy located in Las Vegas. This process takes approximately 5-10 days turn-around time from when the order is sent to the Pharmacy to the time LCC receives the medication . . . It then takes 1 to 3 days processing for the inmate to receive it . . . The Pharmacy is a separate entity from the Medical Department and has their own set of policies and procedures." (*Id.*)

In reply, Plaintiff asserts that Defendants keep blaming their own pharmacy for the delays even though Defendants created the refill system set in place. (ECF No. 16 at 7.) Plaintiff states that, on December 24, 2015, he sought to refill his medication but medical told him that a doctor had renewed his medication on December 10, 2015, and that Plaintiff was not due for a refill until January 6, 2016. (*Id.* at 8.) Plaintiff asserts that, based on Hegge's declaration, he should have received his refilled medication on January 6, 2016, because that was 13 days after he had filed his prescription request on December 24, 2015. (*Id.*) However, on January 13, 2016, Plaintiff had still not received his heart medication. (*Id.*) Plaintiff argues that his problem is not his ability to take his medication but rather Defendants' inability to refill his medication on time. (*Id.* at 11.) Plaintiff asserts that requiring him to go to daily pill call twice a day ignores the problem with the NDOC's prescription refill system. (*Id.*) Plaintiff opposes having to go to daily pill call to pick up non-psychotropic and non-narcotic medication because similarly-situated inmates do not have to do that. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24

(2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Pursuant to Federal Rule of Civil Procedure 65, the Court may issue a temporary restraining order for 14 days and hold a hearing on the motion for preliminary injunction "at the earliest possible time." Fed. R. Civ. P. 65(b)(2), (3). An order granting a restraining order must state the reasons why it is issued, state the terms specifically, and describe in detail the acts restrained or required. Fed. R. Civ. P. 65(d)(1).

The Court now grants Plaintiff's motion for restraining order. (ECF No. 1-3). Based on the pleadings before the Court, the Court finds that Plaintiff is likely to succeed on the merits of his deliberate indifference to serious medical needs claim (Count I) based on his inability to obtain his refill medication in a timely manner. Hegge's declaration demonstrates that Plaintiff should be able to acquire his refill medication within 13 days of seeking a prescription refill. However, even when Plaintiff seeks to refill his medication 13 days before he will run out, Plaintiff still receives his medication days or weeks after he should have received his medication. The Court finds that Plaintiff has demonstrated that he is likely to suffer irreparable harm in the absence of temporary relief because he alleged that he suffered a heart attack in the past due to delays in his medication. The Court finds that the balance of equities tips in Plaintiff's favor because he has complied with the prison's procedure to acquire refill prescriptions on time but still does not receive his refill medication in a timely manner. Additionally, the Court finds that it is in the public's interest to ensure that inmates receive adequate health care and medication in a timely manner.

The Court now grants Plaintiff a temporary restraining order directing Defendants to provide Plaintiff with his refill medication. Defendants shall promptly refill Plaintiff's medication within thirteen (13) days to prevent him from suffering from a lapse in his daily medication. Plaintiff will continue to request refills in his medication at least thirteen (13) days before his medication is set to run out. Plaintiff shall keep documentation of his requests for refill medication. If Defendants fail to provide Plaintiff with his refill medication within thirteen (13) days of Plaintiff's refill request, Plaintiff may move this Court for monetary sanctions against Defendants.

This temporary restraining order applies to the defendants named in this action and the defendants' officers, agents, servants, employees, and attorneys. *See* Fed. R. Civ. P. 65(d)(2)(A), (B). According to Defendants, Plaintiff should have named NDOC pharmacy defendants in this action and not NDOC medical defendants because NDOC medical defendants have no control over Plaintiff's refills. The Court finds this argument unavailing for two reasons. First, Plaintiff names John/Jane Doe NDOC Pharmacy Technicians as defendants in his amended complaint. (ECF No. 6 at 3). Second, Plaintiff has sued NDOC Medical Director Robert Bannister in his individual and official capacity. (ECF No. 6 at 2). Although Bannister is no longer employed by the NDOC, his successor may be substituted in his place. (*See* ECF No. 11 at 1). Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." *See Hoptowit v. Spellman*, 753 F.2d 779, 781-82 (9th Cir. 1985) (holding that successors of the named defendants in a lawsuit against the department of corrections were parties by reason of Fed. R. Civ. P. 25(d)). Additionally, according to NDOC's own website, the "Medical Division is administered by the Medical Director and Medical Administrator, who are responsible for medical, dental, clinical mental health and pharmacy services and polices throughout the Department." *See* NDOC Medical Division, http://doc.nv.gov/About/Medical_Division/Home/ (last visited August 11, 2016). The

"Medical Director supervises the clinical staff and operations of medical, dental, clinical mental health and pharmacy services." *Id.* As such, it appears that the NDOC medical director does oversee the pharmacy unit.

This temporary restraining order shall expire fourteen (14) days from the date of this order. *See* Fed. R. Civ. P. 65(b)(2). The Court now refers this matter to Magistrate Judge William Cobb to set a hearing at the earliest possible time and to provide a report and recommendation on whether the Court should grant Plaintiff's motion for preliminary injunction (ECF No. 1-3).

**II. CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's motion for temporary restraining order (ECF No. 1-3) is granted.

It is further ordered that this order for temporary restraining order shall expire fourteen (14) days from the date of this order.

It is further ordered that this matter is referred to Magistrate Judge William Cobb to set a hearing at the earliest possible time and to provide a report and recommendation on whether the Court should grant Plaintiff's motion for preliminary injunction (ECF No. 1-3).

DATED THIS 11th day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE